UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DANIEL EDWARD RODGERS,<br><br>Petitioner,<br><br>v.<br><br>RANDY VALLEY, Warden ISCI,<br><br>Respondent. | Case No. 1:22-cv-00153-BLW<br><br>**INITIAL REVIEW ORDER** |

     Idaho state prisoner Daniel Edward Rogers has filed a Petition for Writ of Habeas Corpus challenging his state court sentence under 28 U.S.C. § 2254. Dkt. 2. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

     The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 1**

Having reviewed the Petition, the Court concludes that Petitioner may proceed as directed herein below.

## REVIEW OF THE PETITION

### 1. Background

An Idaho jury convicted Petitioner of committing first degree murder, arising from an incident that occurred on or about June 27, 1987. He was sentenced to a fixed life term without the possibility of parole on August 26, 1988. Dkt. 2, p. 1. The Idaho Supreme Court affirmed his conviction in 1991. *See State v. Rodgers*, 812 P.2d 1208 (1991). Petitioner's post-conviction relief petition was denied, and that decision was affirmed on appeal by the Idaho Supreme Court in 1997. *See Rodgers v. State*, 932 P.2d 348 (1997).

Petitioner now asserts that his fixed life sentence is the equivalent of a thirty-year sentence. He has served thirty years in prison and argues that he is now entitled to release under the statutory scheme in place at the time of his judgment.

### 2. Discussion

Petitioner has not supplied his judgment of conviction. Because the Court's summary dismissal decision would benefit from a review of the state court record and a statement of the State's position on Petitioner's claims, the Court will order Respondent to respond to this Order and file a copy of the judgment of conviction and other state court records relevant to the narrow issues at hand. The Court identifies the following potential issues.

**INITIAL REVIEW ORDER - 2**

## A. *Timeliness and Procedural Default Threshold Issues*

Petitioner's federal challenge to his state court criminal judgment is governed by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This statute requires a federal habeas corpus petition to be filed within one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering date is the first one, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The statute also requires that a petitioner first properly exhaust his federal claims in the state court system before bringing them in a federal habeas corpus petition. 28 U.S.C. § 2254(b). That means "fairly presenting the claim," based on a federal theory, to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A review of the Petition shows that the factual basis for many of the sentencing claims existed at the time Petitioner was sentenced. For example, he argues that (1) the statute does not define precisely what a sentence of "life imprisonment" means; (2) the sentencing judge failed to make it clear "whether or not Petitioner Rodgers would serve out his life sentence as the remainder of his natural life sentence," Dkt. 2, p. 10; (3) the state court "failed to state natural life, remainder of life or until death," *id.*, and (4) the state statute is unconstitutional because it allows state court judges the discretion to mete

**INITIAL REVIEW ORDER - 3**

out sentences of indeterminate or determinate life, "prejudicing" those who receive a determinate life sentence.[1] *Id.*

The Court sees no reason Petitioner could not have brought these claims on direct appeal. Perhaps he can show an adequate reason that he did not articulate in his pleadings. If he did not bring these claims on direct appeal, they are considered procedurally defaulted and untimely, as his time period for bringing them in federal court expired in 1997, one year after enactment of AEDPA.

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). On August 6, 2021, many years after Petitioner's original AEDPA statute of limitations expired, he raised sentencing claims in state court. The claims were dismissed with prejudice by a state magistrate judge on August 23, 2021. Dkt. 2-1, pp. 36-37. Petitioner's notice of appeal to

---

[1] Even if timely, this claim appears to be without merit. For example, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court stated:

> [N]othing in this history [of common law] suggests that it is impermissible for judges to exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case.

*Id.* at 481 (emphasis in original).

**INITIAL REVIEW ORDER - 4**

the state district court was dismissed, notwithstanding his assertions that, as a pro se

litigant, he could not understand the appeals process. *Id*., pp.41-43. Petitioner's appeal to

the Idaho Supreme Court was conditionally dismissed for lack of any appealable order or

judgment from the state district court. *Id*., p. 44. No additional records are attached to the

Petition for the Court to review in its analysis.

 If the state court record shows that the sentencing claims were knowable and

available at the time of direct appeal, a later action will not make them into timely claims.

To the extent that Petitioner's new state court action contained claims that were timely—

such as a claim that he is being held past his full-term release date—those claims

nevertheless appear to be procedurally defaulted because they were not properly

presented in the state court system.

### B. *Options for Disposition of Plaintiff's Claims*

 Federal habeas corpus law provides for various exceptions to the timeliness and

procedural default rules, and many of those exceptions prolong and expand habeas

proceedings because parties are permitted to submit extra-record evidence. Therefore, it

is sometimes more judicially efficient to rule on the merits of the claims. *See Lambrix v.

Singletary*, 520 U.S. 518 (1997) (federal courts are not required to address a procedural

issue before deciding against the petitioner on the merits); *cf. Franklin v. Johnson*, 290

F.3d 1223 (9th Cir. 2002) ("appeals courts are empowered to, and in some cases should,

reach the merits of habeas petitions if they are, on their face and without regard to any

**INITIAL REVIEW ORDER - 5**

facts that could be developed below, clearly not meritorious despite an asserted

procedural bar"); *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus

may be denied on the merits, notwithstanding the failure of the applicant to exhaust the

remedies available in the courts of the State.").

The Idaho statutes governing homicide have changed several times in the modern

era. It would be helpful for Respondent to clarify which state sentencing scheme was in

place at the time Petitioner committed his crime and was sentenced and whether it

provided for a fixed life sentence. With that information and the judgment in hand, the

Court can review the merits of the Petition to determine whether it states a viable claim

for relief, rather than address the potentially more complex issues of timeliness and

procedural default.

## C.   *Whether Claims are Issues of State Law*

Another threshold question that must be answered before the Court can engage in

an analysis of the constitutionality of the criminal statutes under which Petitioner was

sentenced is whether Petitioner's claims are issues of pure state statutory interpretation.

The United States Supreme Court "repeatedly has held that state courts are the ultimate

expositors of state law, and that we are bound by their constructions except in extreme

circumstances." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Generally, federal habeas

corpus relief is "unavailable for alleged error in the interpretation or application of state

law." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985) (citations omitted), *cert.*

**INITIAL REVIEW ORDER - 6**

*denied*, 478 U.S. 1021 (1986); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The United

States Supreme Court has made it clear that the "deference we owe to the decisions of the

state legislatures under our federal system [] is enhanced where the specification of

punishments is concerned, for these are peculiarly questions of legislative policy." *Gregg*

*v. Georgia*, 428 U.S. 153, 176 (1976) (internal punctuation and citation omitted).

Federal habeas corpus relief "is not available when a petitioner merely alleges that

something in the state proceedings was contrary to general notions of fairness or violated

some federal procedural right unless the Constitution or other federal law specifically

protects against the alleged unfairness or guarantees the procedural right in state courts."

*Middleton*, 768 F.2d at 1085–86. A federal court is bound by a state court's interpretation

of state law unless the state court's interpretation is untenable or amounts to an obvious

subterfuge to avoid federal review of a constitutional violation. *See Wilbur*, 421 U.S. at

691 n.11 (1975). *See Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) ("Idaho's

interpretation of whether the state judge's order constituted a withholding of judgment or

a sentence is a question of state law," and "there is no … subterfuge here.").

Plaintiff's claims seem to center on interpretation of the Idaho statutory scheme

that governs murder sentences. As such, they may lie outside the scope of habeas corpus

relief.

In *State v. Paul*, 800 P.2d 113 (Idaho Ct. App. 1990), the Idaho Court of Appeals

explained the significance of the Unified Sentencing Act of 1986, which amended Idaho

**INITIAL REVIEW ORDER - 7**

Code §§ 18–4004 and 19–2513:

> The purpose of this Act was to implement a unified
> system of sentencing which allows judges to impose a
> sentence containing both a "fixed" component and an
> "indeterminate" component, requiring, however, that the
> judge must state what the minimum period of incarceration
> shall be. The statement of purpose accompanying H.B. 524
> explained:
>
>> Under the unified sentence, the judge
>> imposes a minimum sentence term which must
>> be served and cannot be reduced by
>> commutation, parole or good time but can be
>> reduced for meritorious service plus, at the
>> court's discretion, an indeterminate sentence to
>> begin at the completion of the minimum term.
>> Under this proposal, a court can impose a
>> purely fixed sentence but cannot impose a
>> purely indeterminate sentence.

*Id*. at 115.

Prior to adoption of Idaho's Unified Sentencing Act, parole officials did not have an official uniform standard to govern when to first offer parole to prisoners serving lengthy sentences. When addressing the question of which calculation to use based on the Idaho Code, the Idaho Supreme Court determined that "sentences of thirty years or more must be treated for purposes of parole eligibility as effective life sentences," and, therefore, if a life sentence is to be considered thirty years, then parole should be offered "after ten years (one-third of the sentence)." *King v. State*, 456 P.2d 254, 260 (Idaho 1969). Importantly, that case's holding was narrow and limited: "Thus, all defendants sentenced to less than life imprisonment become eligible for parole after ten years or

**INITIAL REVIEW ORDER - 8**

less." *Id*.

In *State v. Wilson*, 690 P.2d 1338 (Idaho Ct. App. 1983), a prisoner argued that the *King* parole rule could be interpreted or extended to mean that a prisoner with an indeterminate life sentence should be entitled to full release and termination of their sentence after serving thirty years. That argument—which mirrors one of Petitioner's arguments here—was rejected, based on the following background and reasoning:

> By its 1977 amendment to I.C. § 18–4004, the Legislature said that a person guilty of first degree murder 'shall be punished by death or by imprisonment for life.' This mandatory language is plain and direct. It deserves to be given literal treatment if the result is reasonable and in harmony with other statutory provisions on the subject. *State ex rel. Evans v. Click*, 102 Idaho 443, 631 P.2d 614 (1981); *Sampson v. Layton*, 86 Idaho 453, 387 P.2d 883 (1963). It means simply that, if imprisonment is to be the punishment, the sentence must be for life. It may be either a fixed or indeterminate life sentence. With an indeterminate life sentence, other statutes come into play which define parole eligibility and give the commission of pardons and paroles the authority to determine the actual length of confinement. Those statutes have little or no applicability to a fixed sentence and we need not look to those statutes to determine the meaning of a fixed sentence.

> It is asserted by defendant that the trial court erred in the length of the sentence imposed. Defendant contends that a determinate fixed life sentence is imprecise, indefinite, indeterminate, impermissible, and "anything but fixed or determined." We disagree.

> As the Court of Appeals stated, 105 Idaho 676, 672 P.2d 244, "Although the duration of one's life may not be fixed or determined at the time sentence is imposed, this does not mean that a fixed life sentence has an uncertain meaning.

**INITIAL REVIEW ORDER - 9**

> The custodial responsibility of the Board, and the deprivation of the prisoner's liberty, are as fixed and determined by such a sentence as any court can make them."

*Id.*, 690 P.2d at 1341 (internal citation and punctuation omitted).

In the face of continuing claims from prisoners with life sentences arguing that they were entitled to a full release after thirty years, the Court of Appeals later clarified that "under Idaho law, a life sentence is not and never has been a thirty-year sentence, nor is there any 'custom and usage' making it so." *State v. Murphy*, 158 P.3d 315, 316 (Idaho Ct. App. 2007) (citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993)).

Here, Petitioner's claims mirror several of those in *Wilson*. The Idaho appellate courts have spoken on the interpretation of these statutes. Petitioner has made a subterfuge argument in his Petition; therefore, Respondent can respond to and address this threshold issue.

### D. *Addressing Petitioner's Timely Claims*

A claim that a person is being held past their full-term release date asserts a cognizable Eighth Amendment claim, but that claim does not ripen until the full-term release date arrives. *See James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002) (successive petition context) ("James could not have argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he should have been released."). If Petitioner's claim is not solely one of statutory interpretation reserved for the state courts, he must show that he clearly had a full-term release date.

**INITIAL REVIEW ORDER - 10**

It appears that the trial court in this case sentenced Petitioner to a term of life in prison without the possibility of parole and that Petitioner's sentence falls within the range authorized by Idaho law, but the Court will review the particular historical statutes in place at the time the crime was committed and the judgment was entered. Petitioner is free to argue that the judgment includes a full-term release date based on the record and any new state court lodgings provided by Respondent.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 2), exhibits, and a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 1) is conditionally GRANTED, pending receipt of a prison trust account statement within 30 days after entry of this Order.

3. Within 60 days after entry of this Order, Respondent shall file a response to this Order briefly addressing the issues set forth above and shall lodge relevant portions of the state court record, including the judgment of conviction and a sentencing transcript or recording (if available).

4. Within 30 days after the response, Petitioner shall file a reply addressing issues in this Order and issues in the response.

**INITIAL REVIEW ORDER - 11**

5. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

6. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

7. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

8. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

**INITIAL REVIEW ORDER - 12**

9. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

10. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

11. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: August 5, 2022

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 13